IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CENTRAL STATES, SOUTHEAST AND SOUTHWEST AREAS PENSION FUND; and ARTHUR H. BUNTE, JR., as trustee, <br><br> *Plaintiffs*, <br><br> v. <br><br> AL PEAKE & SONS, INC., an Ohio Corporation, <br><br> *Defendant*. | Case No.: 15 C 9601 <br><br> Judge: <br><br> Magistrate Judge: |

# COMPLAINT

Plaintiffs, Central States, Southeast and Southwest Areas Pension Fund (the "Fund") and Arthur H. Bunte, Jr., one of the Fund's present trustees, allege as follows:

## JURISDICTION AND VENUE

1. This action is brought and maintained in accordance with the provisions of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq., and is a suit to recover employer contributions owed to the Fund by Defendant in accordance with applicable collective bargaining and trust fund agreements.

2. This Court has jurisdiction over this action under section 502(e)(1) of ERISA, 29 U.S.C. § 1132(e)(1).

3. Venue lies in this Court under section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), in that the Fund is an "employee benefit plan" as that term is defined in ERISA and is administered at its principal place of business in Rosemont, Illinois. Venue is also proper in

this Court pursuant to the forum selection clause contained in the Fund's Trust Agreement which designates this district as the appropriate forum for lawsuits to collect unpaid contributions.

## PARTIES

4. The Fund is an employee benefit plan and trust, with its principal office located at 9377 West Higgins Road in Rosemont, Illinois.

5. The Fund is primarily funded by contributions remitted by multiple participating employers pursuant to negotiated collective bargaining agreements with local unions affiliated with the International Brotherhood of Teamsters ("IBT") on behalf of employees of those same employers. All principal and income from such contributions and investments thereof is held and used for the exclusive purpose of providing pension benefits to participants and beneficiaries of the Fund and paying the administrative expenses of the Fund.

6. Plaintiff Arthur H. Bunte, Jr. is a trustee and "fiduciary" of the Funds as that term is defined in ERISA. Pursuant to section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), Arthur H. Bunte, Jr. is authorized to bring this action on behalf of the Funds and their participants and beneficiaries in his capacity as a trustee and fiduciary.

7. Defendant Al Peake & Sons, Inc. ("Al Peake") is a corporation organized under the laws of the State of Ohio. Al Peake is an "employer" and a "party-in-interest" as those terms are defined by sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

## BACKGROUND INFORMATION

8. Local Union No. 20 ("Local 20") of the IBT is a labor organization which represents, for the purpose of collective bargaining, certain employees of Al Peake and employees of other employers in industries affecting interstate commerce.

9. During all relevant times, Al Peake and Local 20 have been parties to a collective bargaining agreement pursuant to which Al Peake has been required to make contributions to the Fund on behalf of certain of its covered employees.

10. Al Peake and Local 20 are also parties to a Participation Agreement which requires Al Peake to pay contributions to the Fund.

11. Al Peake agreed to be bound by the terms of the Fund's Trust Agreement (the "Trust Agreement") and all rules and regulations promulgated by the Trustees under said Trust Agreement.

12. Under the Trust Agreement, Al Peake was required to "remit continuing and prompt contributions to the [Fund] as required by the applicable collective bargaining agreement ..."

13. The Trust Agreement provides that:

> Non-payment by an Employer of any moneys due shall not relieve any other Employer from its obligation to make payment. In addition to any other remedies to which the parties may be entitled, an Employer shall be obligated to pay interest on any contributions, withdrawal liability and/or other moneys due to the Trustees from the date when the payment was due to the date when the payment is made, together with all expenses of collection incurred by the Trustees, including, but not limited to, attorneys' fees and such fees for late payment as the Trustees determine and as permitted by law. The interest payable by an Employer with respect to past due contributions and/or other money (other than withdrawal liability) prior to the entry of a judgment, shall be computed and charged to the Employer (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater). ... Any judgment against an Employer for contributions and/or withdrawal liability owed to this Fund shall include the greater of (a) a doubling of the interest computed and charged in accordance with this section or (b) single interest computed and charged in accordance with this section plus liquidated damages in the amount

of 20% of the unpaid contributions and/or withdrawal liability. The interest rate after entry of a judgment against an Employer for contributions and/or other amounts due (other than withdrawal liability) shall be due from the date the judgment is entered until the date of payment, shall be computed and charged to the Employer on the entire judgment balance (a) at an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) at an annualized interest rate of 7.5% (whichever is greater), and such interest shall be compounded annually.

14. The Fund relies upon participating employers to self-report the work history of eligible employees. The self-reporting system requires participating employers to identify those employees for whom contributions are owed and requires the employers to identify the weeks worked by the covered employees. Based upon the employee work history reported by the employers, the Fund bills the employers for contributions.

15. Under this self-reporting system, participating employers initially established a base group of employees for whom contributions are due. Thereafter, the employer is required to notify the Fund on a monthly basis of any changes in the employment status of individuals covered by the collective bargaining agreement (e.g., layoffs, new hires, terminations, etc.). The Fund relies upon these reports submitted by employers to prepare a monthly contributions bill that is sent to the employer. If no changes are reported by the employer, the Fund assumes that the same employees are still working and bills the employer accordingly.

## STATUTORY AUTHORITY

16. Section 515 of ERISA , 29 U.S.C. § 1145, provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

17. Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) provides:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan --

(A)    the unpaid contributions,

(B)    interest on the unpaid contributions,

(C)    an amount equal to the greater of--

    (i)    interest on the unpaid contributions, or

    (ii)    liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

(D)    reasonable attorney's fees and costs of the action, to be paid by the defendant, and

(E)    such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26.

## COUNT I – DELINQUENT CONTRIBUTIONS

18.    Plaintiffs hereby reallege and incorporate each and every allegation of paragraphs 1 through 17 of this Complaint as though fully set forth herein.

19.    For periods prior to February 23, 2014, Al Peake reported work history of individuals covered by its collective bargaining agreement with Local 20 to the Fund.

20.    Al Peake has not reported any changes in the employment status of individuals covered by the collective bargaining agreement with Local 20 for the period of February 23, 2014 through the present.

21.    Al Peake has breached provisions of ERISA, the collective bargaining agreement, the Participation Agreement and the Trust Agreement by failing to pay all of the contributions

(and interest due thereon) owed to the Fund for the period of March 1, 2015 through September 26, 2015.

22. Despite demands that Al Peake perform its statutory and contractual obligations with respect to making contributions to the Fund, Al Peake has neglected and refused to pay the amounts that are due as a consequence of the conduct set forth in paragraph 21.

23. Al Peake owes the Fund $9,690.47 for unpaid contributions (not including interest) for the period of March 1, 2015 through September 26, 2015, as a result of the conduct set forth in paragraph 21.

**WHEREFORE,** Plaintiffs request the following relief:

(a) A judgment against Defendant in favor of the Fund, pursuant to section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for:

    (i) the unpaid contributions owed to the Fund;

    (ii) interest on the unpaid contributions computed and charged at the greater of (a) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month for which the interest is charged, *or* (b) an annualized interest rate of 7.5%;

    (iii) an amount equal to the greater of interest on the unpaid contributions or liquidated damages of 20% of the unpaid contributions; and

    (iv) attorney's fees and costs.

(b) Post-judgment interest computed and charged on the entire balance of the judgment at the greater of (i) an annualized interest rate equal to two percent (2%) plus the prime interest rate established by JPMorgan Chase Bank, NA for the fifteenth (15th) day of the month

for which the interest is charged, *or* (ii) at an annualized interest rate of 7.5%, and with said interest to be compounded annually; and

(c) Such further or different relief as this Court may deem proper and just.

## COUNT II – PRODUCTION OF RECORDS

24. Plaintiffs hereby reallege and incorporate each and every allegation of paragraphs 1 through 17 of this Complaint as though fully set forth herein.

25. The Trust Agreement permits the Funds to audit the records of participating employers to verify the accuracy and completeness of employee work history reported by the employers.

26. Specifically, Article III, Section 5, of the Trust Agreement is entitled "Production of Records" and provides as follows:

> Each Employer shall promptly furnish to the Trustees, upon reasonable demand, the names and current addresses of its Employees, their Social Security numbers, the hours worked by each Employee and past industry employment history in its files and such other information as the Trustees may reasonably require in connection with the administration of the Trust. The Trustees may, by their representatives, examine the pertinent records of each Employer at the Employer's place of business whenever such examination is deemed necessary or advisable by the Trustees in connection with the proper administration of the Trust.

27. By letter dated March 30, 2015, the Fund informed Al Peake of the Fund's request to perform an audit and review Al Peake's records to verify the accuracy and completeness of work history reported by Al Peake to the Fund for the period of 2012 through 2014.

28. Al Peake has refused to comply with the Fund's audit request.

29. Al Peake has breached the provisions of the Participation Agreement, the Trust Agreement, and ERISA by refusing to comply with the Fund's audit request.

30. Section 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3), provides in pertinent part:

> A civil action may be brought--
>
> (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provisions of the subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provision of this subchapter or the terms of the plan. . . .

31. Under rules promulgated by the Trustees of the Fund pursuant to authority granted in the Trust Agreement, and pursuant to sections 502(g)(2)(D) and (E) of ERISA, 29 U.S.C. § 1132(g)(2)(D) and (E), participating employers who fail to comply with an audit request are required to pay all audit costs incurred by the Fund in performing the audit.

**WHEREFORE,** Plaintiffs request the following relief:

(a) An order requiring Al Peake to comply with the terms of the collective bargaining agreement, the Trust Agreement, and ERISA, and directing Al Peake to permit Plaintiffs' representatives to conduct an audit for the period of January 1, 2012 through December 27, 2014, at Al Peake's place of business and to provide representatives of Plaintiffs with the names, current addresses, social security numbers of its employees, and hours worked by each employee, together with such documentation as may be required by Plaintiffs' representatives to verify said information and any other information that is reasonably required by the Fund;

(b) That Al Peake be ordered to pay all audit costs incurred by the Fund in performing the audit and all attorney's fees and costs incurred by the Fund in connection with this case;

(c) That the Court retain jurisdiction of this cause pending compliance with its order; and

(d) Such further or different relief as this Court may deem proper and just.

-9-

                                      Respectfully Submitted,

                                      */s/ Corey J. Jahner*
                                      Corey J. Jahner
                                      Attorney for Plaintiffs
                                      Central States, Southeast and
                                      Southwest Areas Pension Fund
                                      9377 W. Higgins Road, 10th Floor
                                      Rosemont, Illinois 60018-4938

October 28, 2015                          ARDC # 6313125